# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Demetrius Price, | Case No. 0:21-3866-RMG |
| Petitioner | |
| v. | |
| Warden Brian Kendall | **ORDER AND OPINION** |
| Respondent | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 39) recommending that the Court grant Respondent's motion for summary judgment (Dkt. No. 24) on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed objections to the R & R (Dkt. No. 43). For the reasons set forth below, the Court adopts the R & R as the Order of the Court and grants Respondent's motion for summary judgment.

**I.   Background**

In 2009, Petitioner was found guilty of assault and battery with intent to kill, first-degree burglary, possession of a weapon during the commission of a violent crime, and possession of a weapon by a prohibited person. Petitioner was sentenced to separate terms of life imprisonment without the possibility of parole as to the assault and battery with intent to kill and first-degree burglary charges and five years' imprisonment for each of the weapons charges. Petitioner appealed his assault and battery with intent to kill convictions through counsel. The sole issue raised to the South Carolina Court of Appeals was whether the trial court erred in instructing the jury that malice could be inferred from the use of a deadly weapon. A three-judge panel of the South Carolina Court of Appeals affirmed Price's assault and battery with intent to kill conviction.

In 2015, Petitioner filed an application for post-conviction relief ("PCR"), raising multiple claims that his trial counsel was ineffective in violation of the Sixth Amendment of the United

States. Petitioner claimed that his trial counsel was ineffective for failing to object to the solicitor's vouching for a witness's credibility during closing arguments. The PCR court held a hearing on Petitioner's application and issued an order of dismissal reasoning that the solicitor did not improperly vouch for the credibility of the witness and that Petitioner failed to show he was prejudiced by the closing argument. Petitioner appealed the PCR court's order by filing a petition for writ a of certiorari, which was denied.

Petitioner now petitions *pro se* for federal habeas corpus relief on two grounds. (Dkt. No. 1). First, Petitioner argues that the trial judge violated the Fourteenth Amendment by instructing the jury that malice could be inferred from the use of deadly weapon. And second, Petitioner argues that trial counsel was ineffective in violation of the Sixth Amendment for failing to object to the solicitor's vouching for a witness's credibility during closing arguments. Respondent moves to dismiss the petition on summary judgment. (Dkt. No. 24). Petitioner responded to Respondent's motion for summary judgment. (Dkt. No. 32). The Magistrate Judge then issued an R & R recommending Respondent's motion for summary judgment be granted and Petitioner's petition denied. (Dkt. No. 39). Petitioner filed objections to the R & R. (Dkt. No. 43). The matter is now ripe for the Court's review.

## II.    Standard

### A. Review of R & R

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight leaving the responsibility to make a final determination with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). This Court must make a *de novo* determination of those portions of the R & R where there are

specific objections. Fed. R. Civ. P. 72(b)(2). Where there are no specific objections to the R & R., the Court need "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed R. Civ. P. 72 advisory committee's note; see also *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B. Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inference and ambiguities in favor of the nonmoving party." *HealthSouth Rehabilitation Hosp. v. Am. Nat. Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, to survive summary judgment the respondent must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### C. Federal Habeas Relief Pursuant to 28 U.S.C. § 2254

A state prisoner who challenges matters "adjudicated on the merits in State court" can obtain federal habeas relief only if he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). The state court's application is unreasonable if it is "objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014). Meaning, the state court's ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The state court's determination is presumed correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The state court's decision "must be granted a deference and latitude that are not in operation" when the case is considered on direct review. *Harrington*, 562 U.S. at 101. This is because habeas corpus in federal court exists only to "guard against extreme malfunctions in the state criminal justice systems." *Id.* at 102. (citation and internal quotation marks omitted). Accordingly, pursuant to 28 U.S.C. § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fair minded jurists could disagree that those argument or theories are inconsistent with the holding of

4

a prior decision of the United States Supreme Court. *Harrington*, 562 U.S. at 102. "If this standard is difficult to meet, that is because it was meant to be." *Id.*

Before the petitioner may pursue federal habeas relief to this standard, he must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). The petitioner "must present his claims to the state's highest court," *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (abrogated on other grounds by *United States v Barnette*, 644 F.3d 192 (4th Cir. 2011)), which requires the petitioner to have "fairly present[ed] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks omitted). A federal habeas court should not review the merits of claims that would be found to be procedurally defaulted or barred under independent and adequate state procedural rules. *Lawerence v. Banker*, 517 F.3d 700, 714 (4th Cir. 2008). Rather, for a procedurally defaulted claim to be properly considered by the federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

**III.   Discussion**

After careful review of the R & R, the Petitioner's objections, and the record on summary judgment, the Court finds that the Magistrate Judge comprehensively addressed the issues and correctly concluded that Petitioner's petition should be denied.

First, the Magistrate Judge correctly found that Petitioner's first ground for relief—that the trial court's jury instruction on inferred malice violated the Fourteenth Amendment—is procedurally barred because the Petitioner never argued in the trial court or court of appeals that the jury instruction violated the Fourteenth Amendment. The Petitioner only argued that the trial

court's jury instruction violated state common law. Petitioner raised that argument both at trial and on direct appeal, and the South Carolina Court of Appeals ruled on that issue. Because Petitioner did not raise his Fourteenth Amendment argument in the state trial court, it was not preserved for appellate review by the South Carolina Court of Appeals. *See State v. Dunbar*, 587 S.E.2d 691, 693-94 (S.C. 2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon the trial court will not be considered on appeal."). And because Petitioner's Fourteenth Amendment argument would be procedurally barred under independent and adequate state procedural rules, it is procedurally barred from federal habeas review.

The Magistrate Judge also correctly found that Petitioner failed to meet his burden for his second ground for relief. Petitioner claimed that his trial counsel was ineffective for failing to object to the solicitor's vouching of a witness's credibility during closing arguments. The PCR Court found that Petitioner's trial counsel's performance was not deficient because, although the solicitor addressed the witness's credibility in closing arguments, the solicitor's comments were based on the witness's demeanor at trial and did not rise to the level of improper vouching. The PCR Court also found that Petitioner's trial counsel's performance was not deficient because there was no basis to object to the solicitor's statement. Additionally, the PCR Court found that Petitioner failed to demonstrate that he was prejudiced by the solicitor's purportedly improper vouching because the trial court repeatedly instructed the jury on the proper standard for assessing witness testimony and credibility and closing arguments. The Magistrate Judge correctly found that Petitioner failed to show that the PCR Court's decision that found Petitioner's trial counsel's performance not deficient was unreasonable.

### IV. Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."). A prisoner satisfies the standard by demonstrating that a reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedurally ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met regarding Petitioner's first ground for relief because a reasonable jurist would not find it debatable that Petitioner's first ground for relief is procedurally barred and that no exception applies. Additionally, the legal standard for the issuance of a certificate of appealability has not been met regarding Petitioner's second ground for relief because a reasonable jurist would not find it debatable that Petitioner has not demonstrated that the PCR Court's rulings were objectively unreasonable. Therefore, a Certificate of Appealability is denied.

### V. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt No. 39) as the Order of the Court and **GRANTS** Respondent's motion for summary judgment (Dkt. No. 24). The Court

**DENIES** Petitioner's petition for a writ of habeas corpus brought under 28 U.S.C. § 2254 and

**DENIES** a Certificate of Appealability.


                                                                                     _s/ Richard Mark Gergel__
                                                                                     Richard Mark Gergel
                                                                                     United States District Judge

October 26, 2022
Charleston, South Carolina